## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

|  |  |
|---|---|
| STATE OF OKLAHOMA, *et al.* ) | |
| ) | |
| Plaintiffs ) | |
| v. ) | No. 7:22-cv-00108-O |
| ) | |
| HERIBERTO TELLEZ., *et al.* ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Pursuant to 28 U.S.C. § 1404, Defendants[1] move to transfer Counts II and III of the Complaint to the United States District Court for the Western District of Louisiana, Alexandria Division. As explained below and in Defendants' forthcoming opposition to Plaintiffs' motion for writ of habeas corpus or alternatively for temporary restraining order/preliminary injunction, the Court lacks jurisdiction to consider or transfer Count I of the Complaint, Plaintiffs' application for writ of habeas corpus.

---

[1] The complaint states that Plaintiffs are suing Defendants Tellez, Peters, and Grant in both official and personal capacities. Compl. ¶¶ 9-11, 51. The government submits that only official-capacity claims are properly presented here because Plaintiffs seek only equitable relief, *i.e.*, the transfer of a prisoner from federal custody to state custody; the individual Defendants have no authority to transfer prisoners when acting in a personal capacity; and any relief would therefore be directed at the actions or resources of the United States. Undersigned counsel does not represent Defendants Tellez, Peters, and Grant in their personal capacities, and to the best of counsel's knowledge, they have not been personally served with the complaint. Accordingly, this brief uses "Defendants" to refer only to BOP and the three official-capacity Defendants.

## ARGUMENT

No Plaintiff resides in the Wichita Falls Division of the Northern District of Texas. No Defendant resides in the Wichita Falls Division. No event or omission giving rise to Plaintiffs' claims occurred in the Wichita Falls Division. This case should have been filed in the Alexandria Division of the Western District of Louisiana, as that is the only forum where Plaintiffs' habeas claim may be brought: That is where the federal inmate at issue in this case is incarcerated, and where the inmate's immediate custodian—the acting warden of the federal prison where he is being held—performs his duties as warden.

If countenanced, Plaintiffs' decision to file in the single-judge Wichita Falls Division—which has no connection whatsoever to this dispute—would undermine public confidence in the administration of justice in a case involving the State of Oklahoma's desire to carry out an execution.[2] It is also intrinsically fatal to Plaintiffs' habeas claim, which must be filed in the district of confinement.[3] Because the parties and underlying facts have no connection to this Division and because countenancing practices that would enable blatant forum shopping disserves the interests of justice, the Court should transfer the transferrable claims—the *ultra vires* and declaratory claims—to the Alexandria Division of the Western District of Louisiana.

---

[2]      Whether or not Plaintiffs filed this action in this district and division because they were aware that a single judicial officer hears all cases here, *see* N.D. Tex. Am. Special Order No. 3-343, their forum-shopping has no justification in the facts alleged in the complaint or any of which Defendants are aware.

[3]      In selecting this forum, Plaintiffs passed up not only the Alexandria Division of the Western District of Louisiana, but at least four other more plausible alternatives that have some arguable connection to the parties and their dispute (the Northern District of Oklahoma, the Western District of Oklahoma, the District of Columbia, and the Dallas Division of the Northern District of Texas).

I.        **There is No Connection Between the Complaint and This Division.**

Plaintiffs seek a writ of habeas corpus requiring the transfer of John Hanson, a prisoner who is serving a life sentence at a Federal Bureau of Prisons ("BOP") facility in Pollock, Louisiana ("FCC Pollock"), to the custody of the State of Oklahoma.  Plaintiffs also claim that BOP's denial of their transfer request was *ultra vires*.

None of the parties reside in this Division, nor did any of the events that give rise to Plaintiffs' claims occur here.  The State of Oklahoma and the Attorney General of Oklahoma reside in the Western District of Oklahoma, and the District Attorney for Tulsa County resides in the Northern District of Oklahoma.   Defendants reside in the Western District of Louisiana, Alexandria Division (S.R. Grant), the District of Columbia (Federal Bureau of Prisons and Colette Peters), and the Northern District of Texas, Dallas Division (Heriberto Tellez).  Plaintiffs attempt to challenge BOP's determination that the public interest does not favor Hanson's immediate transfer from FCC Pollock to the custody of Oklahoma.  The Acting Warden of FCC Pollock informed the Tulsa County District Attorney that the request that the inmate be transferred had been denied.  The Oklahoma Attorney General then wrote to the BOP regional director "to confirm" the decision "from his warden" at FCC Pollock.  Compl. ¶ 36, ECF No. 1.  The BOP regional director (whose office is located in the Northern District of Texas, Dallas Division) confirmed that the requested transfer had been denied.  *Id.* ¶ 37.

II.       **The Court Should Transfer this Matter to the Western District of Louisiana, Alexandria Division, under 28 U.S.C. § 1404.**

The Court should dismiss the non-transferable habeas claim and, pursuant to § 1404, transfer the remaining *ultra vires* and declaratory judgment claims to the Alexandria Division of the Western District of Louisiana, where Hanson is confined.  As explained in the Government's forthcoming opposition to Plaintiffs' request for a preliminary injunction or temporary restraining

3

order, Plaintiffs' first claim, which seeks a writ of habeas corpus, can be filed only in the Western District of Louisiana, as that is the relevant "district of confinement." *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citing, *inter alia*, 28 U.S.C. § 2241(1)). Thus, to the extent Plaintiffs wish to pursue their habeas claim, that claim must be re-filed there. Because venue in this Division is improper as to all of Plaintiffs' claims, their remaining claims should be transferred to Louisiana.

"[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagen of Am.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc) (herein, "*In re VW*"). "Where the plaintiff's chosen forum has no factual nexus to the case, that choice carries little significance if other factors weigh in favor of transfer." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under [28 U.S.C.] § 1391 by subjecting defendants" to venues that lack any substantial connection to the litigation. *In re VW*, 545 F.3d at 313. By filing in a division that has no connection to the claims, parties, or potential witnesses in this case, Plaintiffs have "abus[ed] their privilege under § 1391." *Id.* Transfer is warranted here "[f]or the convenience of parties and witnesses," and because transfer is "in the interest of justice." 28 U.S.C. § 1404(a).

Transfers under § 1404(a) are to be more freely granted than dismissals ordered on *forum non conveniens* grounds. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) ("Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience" than had been required to dismiss on *forum non conveniens* grounds); *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983) (the "heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine—dismissal permitted only in favor of a substantially more convenient alternative—was

4

dropped in the § 1404(a) context").  And while district courts are empowered with substantial discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness,'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), the Fifth Circuit, sitting en banc, has held that a district court "clearly abuse[s] its discretion in denying [a defendant's] transfer motion" when "the only connection between [the] case and the [chosen division] is plaintiffs' choice to file there," *In re VW*, 545 F.3d at 318 (brackets omitted).

The public and private factors that guide the § 1404 analysis all favor transfer.  *See id.* at 315 (listing four private and four public factors, referred to as the *Gilbert* factors); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).  These "§ 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another."  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).  Further, the public factors collectively—which include "systemic integrity and fairness," *see Stewart Org.*, 487 U.S. at 30—"may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

The private factors, which focus on the convenience of the parties and witnesses in litigating in the chosen Division, also militate in favor of transfer.  To the extent any documentary or testamentary proof will be necessary to adjudicate Plaintiffs' claims, the relevant documents and any potential witnesses likely reside primarily in the Alexandria Division of the Western District of Louisiana, where Hanson is incarcerated.  *See In re VW*, 545 F.3d at 316.  No such proof resides in this Division.

5

The public interest factors strongly favor transfer. This Division has no "local interest" in having the case adjudicated here. *Id.* This public interest factor—which recognizes that there can be a "local interest in having localized interests decided at home"—weighs heavily in favor of transfer out of this Division. *See id.* None of the Plaintiffs—the State of Oklahoma, the Attorney General of Oklahoma, or the Tulsa County District Attorney—reside here in Texas, let alone in the Wichita Falls Division of the Northern District of Texas. The federal inmate whom Plaintiffs seek to have transferred is currently incarcerated in the Alexandria Division of the Western District of Louisiana. And none of the Defendants reside in this Division. Plaintiffs' "choice of forum is of minimal value," where, as here, "none of the parties reside in this division of this District." *See Hanby*, 144 F. Supp. 2d at 677.

Plaintiffs' claims have no connection to this Division either. Perhaps most importantly, the habeas claim can be filed only in the district of confinement. *Padilla*, 542 U.S. at 442. And Plaintiffs' remaining claims, which allege *ultra vires* agency action and seek a declaratory judgment therefor, have no connection whatsoever to this Division. The decision at issue—the decision to deny a request to transfer a federal inmate from the Western District of Louisiana to the State of Oklahoma—has no relationship to this Division. That decision was communicated by the Acting Warden of FCC Pollock, located in the Western District of Louisiana, Alexandria Division, and later confirmed by the BOP regional director located in Northern District of Texas, Dallas Division. Further, Plaintiffs have not identified anyone in this Division who has "an interest—that is, a stake—in the resolution of this controversy." *In re VW*, 545 F.3d at 318. "In short, there is no relevant factual connection to" this Division. *Id.* In such circumstances, it is an abuse of discretion to "deny[] transfer where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events

and witnesses regarding the case . . . are in the transferee forum." *In re Radmax*, 720 F.3d at 290 (granting mandamus directing transfer from Marshall Division to Tyler Division within E.D. Tex.).

Not only is there no public interest in having this matter litigated in this Division, the public's interest in the fair administration of justice would be harmed if a filing with strong indicia of forum shopping were left unchecked.  As Justice Gorsuch recently warned, "[t]here are currently more than 1,000 active and senior district court judges, sitting across 94 judicial districts," and thus "there is a nearly boundless opportunity" for plaintiffs "to shop for a friendly forum." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600–01 (2020) (Gorsuch, J. concurring) (criticizing "gamesmanship" by plaintiffs seeking nationwide injunctions).  This concern is heightened in single-judge divisions, where a party can effectively select its preferred judge.  *See Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 292 (5th Cir. 2007) (Wiener, J. dissenting) ("The trial judge who is to hear a case is almost never 'selected' by or agreed on by the parties; rather, such judge is . . . designated by objectively random or blind assignment through long established court procedures (except in the rare case of a party's successful forum shopping in a single-judge district . . .).").  Absent a clear connection to a particular Division, filing in a single-judge division contributes to the "perception that different forms of justice would be available to litigants, depending upon the division in which a suit was filed." *In re Gibson*, 423 F. App'x 385, 388 (5th Cir. 2011).  This practice conflicts with the principle that, "[i]n federal court, the parties clearly have no right to a 'judge of their choice,'" *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983), and thus the Fifth Circuit "permit[s] intra-district case transfers to prevent judge-shopping," *Garcia v. Int'l Construction Equip., Inc.*, 765 F. App'x 109, 110 (5th Cir. 2019).

There is no good cause to indulge Plaintiffs' apparent gamesmanship. Defendants have moved expeditiously to transfer this matter. Any delay caused by Plaintiffs' selection of venue is entirely of Plaintiffs' making. The fact that Plaintiffs seek emergency relief is no basis for ratifying their selection of an inappropriate venue for their claims, particularly when the time sensitivity was created by Plaintiffs' decision to schedule the execution of an inmate over whom they lacked custody. *See Rock Bit Int'l, Inc. v. Smith Int'l, Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997) ("Speed of disposition of lawsuits without any Beaumont connection is not a valid reason for forum shopping. If it were otherwise, why would the plaintiff not choose Kansas, South or North Dakota, or the famed 'rocket docket' of the Eastern District of Virginia?"); *see also In re Radmax*, 720 F.3d at 289 (standard "delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer").

## CONCLUSION

This Division is not the appropriate forum for Plaintiffs' claims. For the reasons articulated herein, this Court should transfer this action, after dismissal of the habeas claim, to the Alexandria Division of the Western District of Louisiana.


Dated: October 30, 2022                    Respectfully submitted,

                                           CHAD E. MEACHAM
                                           United States Attorney

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney General

                                           BRIGHAM J. BOWEN
                                           Assistant Director

                                           */s/ Joseph J. DeMott*
                                           JOSEPH J. DEMOTT (Va. Bar No. 93981)

MICHAEL J. GAFFNEY
BRIAN C. ROSEN-SHAUD
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-5981
Email: joseph.demott@usdoj.gov

BRIAN W. STOLTZ
Assistant United States Attorney

*Counsel for Defendants*

<u>Certificate of Conference</u>

I certify that on the morning of October 30, 2022, Defendants' counsel contacted

Plaintiffs' counsel to request their position on this motion.  As of the time of filing, Defendants

have not yet received a response and therefore do not know Plaintiffs' position.

*/s/ Joseph J. DeMott*
Joseph J. DeMott
Trial Attorney, U.S. Department of Justice

Certificate of Service

On October 30, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties who have appeared in the case electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Joseph J. DeMott*
Joseph J. DeMott
Trial Attorney, U.S. Department of Justice