**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*        ) | |
|             ) | |
|             Plaintiffs     ) | |
|             ) | No. 7:22-cv-00108-O |
|       v.                     ) | |
|             ) | |
| HERIBERTO TELLEZ., *et al.*        ) | |
|             ) | |
|             Defendants.    ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

Plaintiffs do not—and cannot—dispute the factual premise of Defendants' transfer motion: *none* of the individuals relevant to this action (*e.g.*, the parties, the federal inmate sought to be transferred, any potential witnesses) reside in this Division and *none* of the events giving rise to Plaintiffs' claims (*e.g.*, the challenged decision, the continued federal custody of Hanson) occurred in this Division. Plaintiffs therefore spend little time attempting to justify the filing of this case in the single-judge Wichita Falls Division; instead, they focus almost entirely on why they believe this case should not be heard in the Western District of Louisiana. Defendants proposed that district as transferee forum for a simple reason: Plaintiffs filed a three-count complaint, and the first count seeks a writ of habeas corpus. That claim can only be heard in the Western District of Louisiana and, to the extent Plaintiffs do not abandon that claim, transfer of the remaining two claims to that district is proper. If Plaintiffs abandon their habeas claim—and there is no evidence that they do—this case should nonetheless be transferred from this Division, which has no connection to the parties or facts underlying the other two claims, to the Western District of Louisiana or one of the four alternative transferee locations listed in Defendants' motion. *See*

1

Motion to Transfer ("Mot.") at 2 n.3, ECF No. 10 (identifying the Dallas Division and three other venues that, unlike this Division, have "some arguable connection to the parties and their dispute").

## I.   There Is No Connection Between Plaintiffs' Claims and This Division.

Plaintiffs devote the first section of their opposition to alleged "factual inaccuracies" in Defendants' motion.  Pls. Opp'n to Defs.' Mot. ("Opp'n") at 1-4, ECF No. 20.  Plaintiffs assert that the decision at issue was "*made* in the Northern District of Texas" and that "all the key decisionmakers in the decision at issue are in the Northern District of Texas." *Id.* at 2-3 (emphasis in original).  But what they do not assert is that there is any connection between the decision, decisionmakers, and this Division.  There is none.  Nor is there any connection between Plaintiffs' habeas claim and this Division, where it was improperly filed.  In such circumstances, the Fifth Circuit has held—in a decision cited by Defendants that Plaintiffs nowhere address—that it is an abuse of discretion to decline to transfer to a different division within the same district that has a greater connection to the underlying facts.  *See In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013) (granting mandamus directing transfer from Marshall Division to Tyler Division).

The following table illustrates how disconnected this Division is from the facts giving rise to Plaintiffs' three claims.

|  | N.D. Tex. (Wichita Falls Div.) | W.D. La. | N.D. Tex. (Dallas Div.) | N.D. Okla. | W.D. Okla. | D.D.C. |
|---|---|---|---|---|---|---|
| Defendants reside |  | X | X |  |  | X |
| Plaintiffs reside |  |  |  | X | X |  |
| Federal inmate resides |  | X |  |  |  |  |
| Location of proposed inmate transfer |  |  |  |  | X |  |
| Decision made or communicated |  | X | X |  |  |  |
| Other potential witnesses reside |  | X | X | X | X | X |

II.     **Both Public and Private Factors Support Transfer from This Division to a Forum with Some Connection to the Underlying Claims, Such as the Western District of Louisiana or the Dallas Division of the Northern District of Texas.**

The only rationale that Plaintiffs offer for filing in this Division is that venue is proper in this *District* and that this Division is allegedly roughly halfway between Oklahoma City (where some, but not all, of the Plaintiffs reside) and Dallas (where some, but not all, of the Defendants reside).  Opp'n at 3-4.  That rationale does not justify this case being heard in a division that lacks any connection to the claims or underling facts.  In asserting that it does, Plaintiffs mischaracterize the § 1404 analysis as being limited to "a pure matter of convenience for the parties."  Opp'n at 1. Later in their opposition, when Plaintiffs ultimately acknowledge that both public interest and private factors are at play, they misapply those factors to the facts of this case.  *Id.* at 8-10.

As a preliminary matter, Defendants have not filed a "convenience motion."  *Contra* Opp'n at 5.  Defendants have instead moved that this case be heard elsewhere pursuant to § 1404, which authorizes transfers based on "four private and four public factors."  Mot. at 5 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)); *see also In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008); *In re Planned Parenthood Fed'n of Am.*, No. 22-11009, 2022 WL 16549164, at *2 (5th Cir. Oct. 31, 2022) (§ 1404 transfers are "based on convenience and justice").

The public interest factors overwhelmingly favor transfer, but Plaintiffs' opposition all but ignores them.  As Defendants explained in their motion, there is no local interest in having this case adjudicated in a division where none of the parties reside, none of the underlying events occurred, and none of the potential evidence exists.  *See* Mot. at 6.  Rather, this is exactly the "sort of localized case where the citizens of" other venues—including the Western District of Louisiana, the Dallas Division of the Northern District of Texas, and multiple districts in Oklahoma—"have a greater 'stake' in the litigation than the citizens of" the Wichita Falls Division.  *In re Planned*

*Parenthood*, 2022 WL 16549164, at *3 (citing *In re Volkswagen*, 545 F.3d at 317–18).  Further, there is a public interest in declining to reward Plaintiffs' selection of this single-judge Division in which to hear claims that have no connection to the Division.  *See* Mot. at 7.[1]

Plaintiffs nonetheless maintain that the public interest factors do not warrant transfer, asserting that "the public factors either favor staying in Texas or are in equipoise."  *See* Opp'n at 9-10.  But Plaintiffs arrive at the wrong answer by asking the wrong question.  The proper inquiry is not whether there is a public interest in "staying in Texas"; the question is whether there is a public interest in having this case heard in this Division.  *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (explaining that the public interest factors "apply as much to transfers between divisions of the same district as to transfers from one district to another").  Defendants agree that, if Plaintiffs were to abandon their habeas claim or this Court were to dismiss it, this case *could* remain in Texas—namely, in the Dallas Division of this District.  *See* Mot. at 2 n.3.

Indeed, much of Plaintiffs' opposition addresses whether (ignoring the habeas claim) this case should be transferred *to* the Western District of Louisiana as opposed to whether it should be transferred *from* this Division.  *See, e.g.*, Opp'n at 9 (asserting that there is a local interest "in favor of reviewing the decisions of Texas-based federal officials in Texas" while saying nothing about any such local interest in this Division).  Defendants proposed the Western District of Louisiana as a transferee forum because Plaintiffs filed a three-count complaint that contained a habeas claim that can only be brought in that district.  *See* Compl. ¶¶ 40-43, ECF No. 1.  In light of that claim and the lack of any connection to this Division, the private and public interest factors favor transfer to the Western District of Louisiana.  *See* Mot. at 5-8.  But if that claim is no longer in the case,

---

[1]     If the Court transfers the case to the Dallas Division, the case should be reassigned in the normal course.  *See* N.D. Tex. Am. Special Order No. 3-342.

either because Plaintiffs abandon it or do not re-file the claim in the event the Court dismisses it for the reasons previously set forth, Defs.' Resp. to Pls.' Mot. at 6-8, ECF No. 11; *see Munaf v. Geren*, 553 U.S. 674, 691 (2008) (dismissing habeas claim upon review of preliminary injunction is appropriate where "insuperable objection to maintaining the bill clearly appears") (citation omitted), Defendants agree that the remaining claims could be heard in other venues, including in the Dallas Division of the Northern District (where Regional Director Tellez and potential witnesses regarding the challenged decision reside), the Western District of Oklahoma (where Attorney General O'Connor resides and where Oklahoma requests the federal inmate be transferred), the Northern District of Oklahoma (where DA Kunzweiler resides), or the District of Columbia (where Director Peters resides).  The *ultra vires* and declaratory claims "might have been brought" in any of these venues, 28 U.S.C. § 1404(a), and all of them have a stronger connection to the underlying facts.

The private factors also favor transfer.  If the habeas claim is re-filed in the Western District of Louisiana, potential witnesses (including the acting warden and federal inmate) reside in that district.  If the habeas claim no longer remains, the private factors still support transfer, likely to the Dallas Division of the Northern District, where Regional Director Tellez, the Designation and Sentence Computation Center staff, and other potentially "relevant Defendant witnesses who made the decision" reside.  *See* Opp'n at 3.  Indeed, Plaintiffs identify *no* witnesses who reside in this Division.  Moreover, the lone reason that Plaintiffs advance for why this Division is supposedly "the most convenient division in the Northern District of Texas"—its geographic location—does not withstand scrutiny.  Plaintiffs do not identify any potential witnesses who would have to drive the approximately 45 additional minutes from Oklahoma City to Dallas (as opposed to Wichita

Falls)—and Dallas is significantly more convenient not only for Defendants but also for Plaintiffs' lead counsel, whose office is located in the Dallas suburb of Cedar Hill.

In short, this case should not be heard in this Division. None of the parties or potential witnesses reside here, and the public interest would not be served by having the single-judge Wichita Falls Division resolve allegations by Oklahoma officials that government officials in Dallas violated a federal statute by declining to transfer a federal inmate to their custody from a federal prison in Louisiana. If Plaintiffs choose to pursue their habeas claim, the Court should transfer to the Western District of Louisiana. If not, the Court should transfer to the Dallas Division of the Northern District of Texas.

## CONCLUSION

This Division is not the appropriate forum for Plaintiffs' claims. For the reasons articulated herein and in Defendants' motion, this Court should transfer this action, after dismissal of the habeas claim, from this Division to the Alexandria Division of the Western District of Louisiana if Plaintiffs choose to re-file their habeas claim there or, if they do not, to the Dallas Division of the Northern District of Texas.

Dated: November 3, 2022                    Respectfully submitted,

CHAD E. MEACHAM
United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director

*/s/ Michael J. Gaffney*
JOSEPH J. DEMOTT (Va. Bar No. 93981)
MICHAEL J. GAFFNEY (D.C. Bar 1048531)
BRIAN C. ROSEN-SHAUD

6

Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-2356
Email: michael.j.gaffney@usdoj.gov

BRIAN W. STOLTZ
Assistant United States Attorney

*Counsel for Defendants*

Certificate of Service

On November 3, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties who have appeared in the case electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Michael J. Gaffney
Michael J. Gaffney
Trial Attorney, U.S. Department of Justice