UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STATE OF OKLAHOMA, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00108-O |
| § | |
| HERIBERTO TELLEZ, et al., § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court are Plaintiffs' Motion for a Writ of Habeas Corpus or, In the Alternative, a Temporary Restraining Order/Preliminary Injunction (ECF No. 2), filed October 25, 2022; Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 (ECF No. 10), filed October 30, 2022; Defendants' Motion to Expedite (ECF No. 24), filed November 22, 2022; Supplemental Brief in Support of Plaintiffs' Motion for a Temporary Restraining Order/Preliminary Injunction (Pls.' Br., ECF No. 27) and Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction (Defs.' Br., ECF No. 26), both filed December 2, 2022 in response to this Court's Order for supplemental briefing (ECF No. 23), which was issued November 17, 2022. The interpretive issues and preliminary injunction are now ripe for the Court's review.

**I.   BACKGROUND**

This case is a fight between the United States Federal Bureau of Prisons and the State of Oklahoma about which sovereign should have custody of John Hanson, a convicted felon and murderer who is currently serving a life sentence in federal prison for a series of federal crimes. Following the procedures set out in 18 U.S.C. § 3623, Oklahoma asked the United States to transfer

Hanson to state custody so it can complete Hanson's death sentence. However, the United States refused to transfer the prisoner because it says doing so is "not in the public's best interest."

On the contrary, Oklahoma—which sentenced Hanson to death for carjacking, kidnapping, and murdering the elderly Mary Bowles and Jerald Thurman, a passerby who intervened to help—claims that BOP's denial is *ultra vires*. It argues that a proper reading of § 3623 *compels* the United States to immediately transfer Hanson to the State's custody because the public interest in this context clearly favors timely completion of a valid death sentence.[1] The United States, in response, contends that this Court has no jurisdiction to review the claim. And even if the Court could hear the dispute, the United States says it has not acted *ultra vires* in defiance of the statute because § 3623 vests the BOP Director with broad discretion over whether to refuse a transfer request based on his determination of the public interest. That, Defendants argue, is precisely what occurred here.

Having reviewed the parties' briefing and applicable law, the Court agrees that it has no authority to review the BOP Director's decision under § 3623, **DENIES** Plaintiffs' motion for a preliminary injunction, and **DISMISSES** this case for want of jurisdiction.

---

[1] The relevant statute provides:

> The Director of the Bureau of Prisons shall order that a prisoner who has been charged in an indictment or information with, or convicted of, a State felony, be transferred to an official detention facility within such State prior to his release from a Federal prison facility if—
> (1) the transfer has been requested by the Governor or other executive authority of the State;
> (2) the State has presented to the Director a certified copy of the indictment, information, or judgment of conviction; and
> (3) the Director finds that the transfer would be in the public interest.

18 U.S.C. § 3623. Section 3625 of Title 18 removes BOP decisions from review under the Administrative Procedure Act ("APA"). 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). The parties agree that requirements (1) and (2) have been satisfied here.

## II. LEGAL STANDARDS

Plaintiffs may obtain a preliminary injunction if they can show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm in the absence of an injunction; (3) that the balance of hardships weighs in their favor; and (4) that issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). To succeed on their *ultra vires* challenge, Plaintiffs must first establish that this Court has jurisdiction to review the claim. This, in turn, requires a showing that "(i) there is no express statutory preclusion of all judicial review; (ii) there is no alternative procedure for review of the statutory claim; and (iii) the agency plainly acts in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Fed. Express Corp. v. United States Dep't of Com.*, 39 F.4th 756, 763 (D.C. Cir. 2022) (cleaned up); *see also Danos v. Jones*, 652 F.3d 577, 583 (5th Cir. 2011) (assuming, without deciding, that *ultra vires* claims are still viable post-APA). If the Court does not have jurisdiction to review a particular claim, it need not—indeed it cannot—proceed to the merits of the case.

## III. ANALYSIS

The parties vehemently disagree about whether this Court can properly hear Plaintiffs' claim. Defendants contend that they are entitled to sovereign immunity and the BOP Director's wholly discretionary authority under § 3623 is unreviewable. On the other hand, Plaintiffs argue that the Court may properly hear an *ultra vires* challenge to the Director's transfer decision because the meaning of the statute in question is clear and has been clearly violated. According to Oklahoma, the "public interest" in the context of the death penalty is plainly established; as such, the Director has no discretion to deny Hanson's transfer and must do so immediately (not sometime "prior to his release"). Therefore, Plaintiffs claim, BOP's refusal

3

to do so is *ultra vires*. The Court cannot accept Plaintiffs' reading of the statute.

Given the parties' strong disagreement about § 3623's interpretation, the Court deferred ruling on Plaintiffs' preliminary injunction in its first Order to allow the parties to brief whether the third prong of an *ultra vires* claim had been satisfied.[2] Among other things, the parties addressed in their supplemental briefing the meaning of the "public interest" and whether the BOP Director's decision to deny transfer under § 3623 was "rational and connected to the statutory scheme." That standard is drawn from the Fifth Circuit's decision in *Jean v. Gonzales*, wherein the Circuit decided whether the Attorney General had abused his discretionary authority in promulgating a regulation pursuant to a controlling statute. 452 F.3d 392 (5th Cir. 2006). The statute at issue required the AG to promulgate rules after considering several factors, including what may have been in the "public interest." *Id.* at 397.

Upon review, the Court finds that application of the *Jean* standard to the instant dispute is inappropriate. Though the Court disagrees that § 3623 precludes *all* judicial review (including *ultra vires* claims), as Defendants suggest, Congress' withdrawal of APA review in this context is instructive. Indeed, reviewing the BOP Director's decision under *Jean*'s "rationally related to the statutory scheme" would amount to the illogical substitution of rational basis review where Congress has explicitly withheld APA review. Even if the Court were to apply the *Jean* standard, Defendants have identified several rational justifications by which the BOP Director might deem a prisoner's transfer contrary to the public interest.[3]

Nor is the Court persuaded, having applied the traditional "tools of statutory construction" to § 3623, that the "public interest" in the context of the death penalty is as plainly established as

---

[2] Order 7–8, ECF No. 23.
[3] Defs.' Br. 22–24, ECF No. 26.

Plaintiffs contend or that the statute compels immediate transfer where the other statutory requirements have been satisfied.[4] Taken together, Plaintiffs interpretive arguments essentially urge the Court to read the provision as follows: *The Director of BOP* **shall** *order that a prisoner be transferred [to state custody]* **prior to his release** *. . . if* **the Director finds that** *the transfer is in the public interest.* Rather than demonstrate how the BOP Director has violated a clear statutory command, Plaintiffs invite this Court to engage in a debate about the public interest when Congress has clearly limited such review. The Court declines that invitation. Applying interpretive tools, Plaintiffs have not shown that, in refusing the State's request for a transfer, the BOP Director "plainly act[ed] in excess of [his] delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Fed. Express Corp.*, 39 F.4th at 763. Thus, Plaintiffs have failed to demonstrate that this Court properly has jurisdiction to review their *ultra vires* claim. Accordingly, the Court will not address the merits of the Plaintiffs' preliminary injunction.

## IV.   CONCLUSION

For the reasons stated, the Court **DENIES** Plaintiffs' motion for a preliminary injunction (ECF No. 2) and **DISMISSES** this case for lack of jurisdiction.

**SO ORDERED** this **13th day** of **December, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4] *See Acosta v. Hensel Phelps Constr. Co.*, 909 F.3d 723, 730 n.5 (5th Cir. 2018) (quoting *BNSF Ry. Co. v. United States*, 775 F.3d 743, 751 (5th Cir. 2015)) (citing "text, structure, purpose, and legislative history" as the traditional tools of statutory construction).